IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 MAR 13  P 4: 52

CLERK'S OFFICE
AT GREENBELT

BY_____

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | * | |
| | * | |
| Plaintiff, | | |
| v. | * | Case No.: GJH-16-0231 |
| | | |
| SHREE SAI PROPERTIES, *et al.*, | * | |
| | | |
| Defendants. | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

### MEMORANDUM OPINION

Plaintiff Choice Hotels International, Inc. ("Plaintiff" or "Choice") filed an Application to Confirm the Arbitration Award against Defendants Shree Sai Properties, LLC, Sandip Patel, and Ketan Patel (collectively, "Defendants"). Presently pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Application to Confirm Arbitration Award, ECF No. 11, and Plaintiffs' Motion to Enforce Arbitration Clause, ECF No. 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the following reasons, Defendants' Motion to Dismiss is denied, and Plaintiff's Motion to Enforce Arbitration Clause is granted.

### I.    BACKGROUND

Plaintiff is a Delaware corporation primarily engaged in the business of hospitality franchising. ECF No. 1 at 1[1]; ECF No. 18 ¶ 1. On or about September 16, 2008, Plaintiff entered into a franchise agreement (the "Franchise Agreement") with Defendants Shree Sai Properties, an Indiana limited liability company, Sandip Patel, and Ketan Patel, individually, jointly and

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

severally. ECF No. 18 ¶ 1. Under this Agreement, Defendants, as franchisees, would open and

operate a hotel at 7275 South County Road 75 East Exit 78, I-69, Warren, Indiana 46792 using

Choice's Comfort Inn® mark. *Id.* The parties' Franchise Agreement contained an arbitration

clause, stating in relevant part that:

> Any controversy or claim arising out of or relating to this
> Agreement, or the breach of this Agreement, including any claim
> that this Agreement or any part of this Agreement is invalid,
> illegal, or otherwise voidable or void, as well as any claim that we
> violated any laws in connection with the execution or enforcement
> of this Agreement and any claim for declaratory relief, will be sent
> to final and binding arbitration before either the American
> Arbitration Association, J.A.M.S., or National Arbitration Forum
> in accordance with the Commercial Arbitration Rules of the
> American Arbitration Association . . .

ECF No. 1-2 at 1; *see also* ECF No. 11-2 at 19. The arbitration clause further provided that "[i]f

any party fails to appear at any properly noticed arbitration proceeding, an award may be entered

against the party, notwithstanding its failure to appear." *Id.*

From September 16, 2008 to approximately April 9, 2012, Defendants operated the hotel

in Warren, Indiana as a Comfort Inn Hotel. ECF No. 18-13 at 2. By 2011, however, Defendants

had "[fallen] behind in their monthly payment obligations" to franchisor Choice. *Id.* Choice sent

Defendants two notices of default, in February 2011 and October 2011. *Id.* Additionally, Choice

learned in April 2012 that the property had "changed ownership" via a Purchase Agreement from

Sandip and Ketan Patel to non-party Kailash Varkal. *Id.*; *see* ECF No. 11-1. Under the parties'

Franchise Agreement, Defendants were prohibited from transferring the hotel without Choice's

prior written consent. *See* ECF No. 11-2 at 10; ECF No. 18-13 at 3.

On or about September 23, 2014, Choice filed an arbitration demand against Defendants

with the American Arbitration Association ("AAA") alleging breach of contract and requesting

an award for liquidated damages, costs, and expenses. ECF No. 18 ¶ 3; ECF No. 18-1. Choice

sent an arbitration demand to Defendants' last known addresses, including an address in Monee, Illinois; Round Lake, Illinois; and Warren, Indiana. *Id.*; ECF No. 18-1 at 1–6. The AAA case administrator also sent an initiation letter to these addresses on September 26, 2014. ECF No. 18 ¶ 4; ECF No. 18-2 at 1–2. Choice states that they received a "certified returned receipt" for the demand sent to Ketan Patel at 25542 E. Sunrise Drive, Monee, IL 60449, signed by "E.R. Patel," and confirming that the demand was received at the address sent. ECF No. 18 ¶ 5; ECF No. 18-3 at 1. However, the AAA notified Choice that the mail sent to Sandip Patel at 252 W. Spruce Drive, Round Lake, IL 60073 was returned as undeliverable. ECF No. 18 ¶ 6; ECF No. 18-3 at 3. According to Choice, they were obliged by the Franchise Agreement to continue sending correspondence to this address until the franchisees changed it, but Choice "performed [an] additional search" and identified a new personal address for Sandip Patel at 5409 Castle Pines, Knoxville, TX 37920. *Id.* ¶ 7; ECF No. 18-5 at 1. Choice attests that neither they nor the AAA received undeliverable returned mail from the Knoxville address. ECF No. 18 ¶ 8. Thus, all further correspondence was sent to the addresses in Monee, IL, Warren, IL, and Knoxville, TN. *Id.* ¶ 9.

Between January 2015 and October 2015, numerous communications were sent by Choice or the AAA to the Defendants, including letters selecting and appointing the arbitrator, scheduling various hearings, and reporting the results of those hearings. ECF No. 18 at 4–6; ECF Nos. 18-6–18-16. A preliminary hearing was held by conference call on March 27, 2015. ECF No. 18 ¶ 14. Defendants did not attend the call. *Id.* The AAA sent Defendants the Report of the Preliminary Hearing on April 13, 2015. *Id.* ¶ 15; ECF No. 18-11 at 1. A return receipt for the Report signed by "C.R. Patel" at the Knoxville address was received. ECF No. 18 ¶ 16; ECF No. 18-12 at 3. The Report of the Preliminary Hearing established a motions deadline of May 8,

2015, a deadline for responses of May 15, 2015, and stated that if "no Response is received[,] the Arbitrator will issue a decision on May 29, 2015." ECF No. 18-11 at 5. Choice filed a Motion for Judgment on or about May 8, 2015 and sent copies to Defendants. ECF No. 18 ¶ 18; ECF No. 18-13. Defendants did not respond. ECF No. 18 ¶ 18. The Arbitrator rendered her final award on October 8, 2015. ECF No. 18 ¶ 21; ECF No. 18-16 at 1–3. Another certified return receipt signed by "S. Patel" was received from the Knoxville address on October 17, 2015. ECF No. 18 ¶ 21; ECF No. 18-16 at 4. Defendants did not participate in any part of these proceedings. *See* ECF No. 18 at 6.

Choice filed the instant Complaint in this Court on January 27, 2016, seeking confirmation of the arbitration award. ECF No. 18 ¶ 22. On June 14, 2016, Defendants Ketan Patel and Sandip Patel filed a Motion to Dismiss, ECF No. 11, and separately filed an Answer to the Complaint, a Third Party Complaint against Kailash Varkal, a Cross-Claim against Shree Sai Properties, and a Counterclaim against Choice Hotels International, ECF No. 12. Plaintiff filed a Response in Opposition to the Motion to Dismiss on July 8, 2016, ECF No. 18, and a Motion to Enforce Arbitration Clause and Answer to the Counterclaim, ECF No. 22, on August 30, 2016. Defendants filed their Response in Opposition to the Motion to Enforce Arbitration Clause on September 19, 2016. ECF No. 25. The pending motions are now ready for resolution.

## II.    ANALYSIS

By the terms of the parties' signed Franchise Agreement, the authenticity of which has not been disputed, the parties agreed to submit claims arising out of the Agreement to arbitration. *See* ECF No. 1-2 at 1; ECF No. 11-2 at 19. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon *the court must grant such an order unless the award is vacated, modified, or corrected . . .*

9 U.S.C. § 9 (emphasis added). An award has been issued in this matter by an arbitrator. ECF No. 1-1 at 1. The arbitration clause of the parties' Agreement states that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *See* ECF No. 1-2 at 1; ECF No. 11-2 at 19. Defendants have not filed a Motion to Vacate in this case; rather, they have filed a Motion to Dismiss. Nonetheless, the Court will construe Defendants' Motion liberally as a Motion to Vacate. As Defendants' Motion simply seeks the converse of Plaintiff's Motion to Enforce, the motions will be analyzed jointly.

### A. Defendants' Motion is Untimely

As a preliminary matter, Defendants' Motion to Vacate is untimely. "Under the FAA, notice of a motion to vacate or modify an arbitration award must be served upon the adverse party 'within three months after the award is filed or delivered.'" *Int'l Relief & Dev., Inc. v. Ladu*, 474 F. App'x 165 (4th Cir. 2012) (citing 9 U.S.C. § 12). Here, the Arbitrator rendered her final award on October 8, 2015, and a copy of the award was sent to Defendants on the same day. ECF No. 18 at 6. The AAA "receive[d] a signed certified return receipt for Sandip Patel at the Knoxville, TN address on October 17, 2015." *Id.*

Thus, Defendants had until January 17, 2016 to file a timely motion to vacate. They did not do so, and to date have not done so. ECF No. 18 at 8. Rather, Defendants filed a Motion to Dismiss on June 14, 2016, well after the time to file a Motion to Vacate had expired. ECF No. 11. Thus, Defendants' Motion is time-barred. *See Choice Hotels Int'l, Inc. v. F & R Grp.*

*Investments, LLC*, No. CIV.A. RWT-13-2188, 2014 WL 3405030, at *3 (D. Md. July 9, 2014)

(holding that defendants' motion to vacate was untimely, "whether or not Defendants

acknowledge receipt on particular date"); *see also Ladu*, 474 F. App'x at 165–66 (affirming

district court's finding that defendant's filing was untimely). Moreover, "[t]he Fourth Circuit has

strongly intimated – but has stopped short of explicitly holding – that there are no equitable

exceptions to the three-month limitations period set forth in the Federal Arbitration Act,"

*Parsons, Brinckerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Const.*, 647 F. Supp. 2d 587

(D. Md. 2009) (citing *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir. 1986)), and Defendants have

not made a case for equitable tolling. Even assuming Defendants' Motion could be considered

timely-filed, it must fail on other grounds.

### B.  No Grounds for Vacating the Arbitration Award

The ability of federal courts to overturn an arbitration award is "severely circumscribed,"

and is, in fact, "among the narrowest known at law because to allow full scrutiny of such awards

would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the

avoidance of the expense and delay associated with litigation." *Choice Hotels Int'l, Inc. v.*

*Pollard*, No. CIV.A. TDC-13-2081, 2015 WL 1731093, at *2 (D. Md. Apr. 13, 2015) (citing

*Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.,* 142 F.3d 188, 193 (4th Cir. 1998)). The

Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did

[her] job—not whether [she] did it well, correctly, or reasonably, but simply whether [she] did

it." *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (internal citations

omitted). Thus, "[f]ederal courts may vacate an arbitration award only upon a showing of one of

the grounds listed in the Federal Arbitration Act," *Apex Plumbing*, 142 F.3d at 193, or "one of

certain limited common law grounds." *Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*, 519

F.3d 200, 207 (4th Cir. 2008). The four grounds under the FAA permitting a court to vacate an

arbitration award are:

> (1)    where the award was procured by corruption, fraud, or
> undue means;
> (2)    where there was evident partiality or corruption in the
> arbitrators, or either of them;
> (3)    where the arbitrators were guilty of misconduct in refusing
> to postpone the hearing, upon sufficient cause shown, or in
> refusing to hear evidence pertinent and material to the controversy;
> or of any other misbehavior by which the rights of any party have
> been prejudiced; or
> (4)    where the arbitrators exceeded their powers, or so
> imperfectly executed them that a mutual, final, and definite award
> upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "The permissible common law grounds for vacating such an award  . . . include

those circumstances where an award fails to draw its essence from the contract, or the award

evidences a manifest disregard of the law." *Choice Hotels Int'l, Inc. v. SM Prop. Mgmt., LLC*,

519 F.3d 200, 207 (4th Cir. 2008) (citing *Patten v. Signator Ins. Agency, Inc.,* 441 F.3d 230, 234

(4th Cir. 2006)). An arbitration award does not "draw its essence from the contract" when "a

party was not properly notified of the arbitration proceedings." *F & R Grp. Investments*, 2014

WL 3405030, at *2 (citing *SM Prop. Mgmt.*, 519 F.3d at 210). Thus, the only potential grounds

Defendants raise to vacate the arbitration award is that they were not properly notified of the

proceedings. Their arguments are not persuasive.

### C. Defendants Were Adequately Notified

"Adequate notice is understood to mean 'notice reasonably calculated, under all the

circumstances, to apprise interested parties of the pendency of the action and afford them an

opportunity to present their objections.'" *See Choice Hotels Int'l, Inc. v. Patel*, No. CIV.A. DKC

2003-2318, 2004 WL 57658, at *4 (D. Md. Jan. 13, 2004) (quoting *Mullane v. Cent. Hanover*

*Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). Rule 43 of the AAA's Commercial Arbitration

Rules sets forth the process by which each party is to serve notice:

> Any papers, notices, or process necessary or proper for the
> initiation or continuation of an arbitration under these rules  . . .
> may be served on a party by *mail addressed to the party or its*
> *representative at the last known address* or by personal service, in
> or outside the state where the arbitration is to be held, provided
> that reasonable opportunity to be heard with regard to the dispute
> is or has been granted to the party.

Commercial Arbitration R-43 (emphasis added). It is undisputed that the parties entered into the

Franchise Agreement, which expressly provides that claims arising from the Agreement were to

"be sent to final and binding arbitration before either the American Arbitration Association,

J.A.M.S., or National Arbitration Forum in accordance with the Commercial Arbitration Rules of

the American Arbitration Association . . ." ECF No. 1-2 at 1; ECF No. 11-2 at 19. Although

Defendants claim that they "were never served and/or otherwise given notice of the Arbitration,"

ECF No. 11 at 1, they were "properly notified, even though they failed to acknowledge receipt."

*F & R Grp. Investments*, 2014 WL 3405030, at *3; *see also Patel*, 2004 WL 57658, at *5

(comparing service requirements under the FRCP with FAA's more "modest requirements")

(citing *Int'l Techs. Integration, Inc. v. Palestine Liberation Org.*, 66 F. Supp. 2d 3, 11 (D.D.C.

1999)).

Choice complied with the requirements of the parties' Agreement and AAA Commercial

Rules of Arbitration by sending numerous mailings to Defendants' last known addresses. ECF

No. 18 at 4–6; ECF Nos. 18-6–18-16. Choice also took the additional step of identifying a new

personal address for Sandip Patel in Knoxville, TN. ECF No. 18 ¶ 7. Although one mailing sent

to Sandip Patel at the Round Lake, IL address prior to October 7, 2014 was returned as

undeliverable, ECF No. 18 ¶ 6, future mailings were not. In fact, Choice attaches three signed

return receipts from mailings sent to the Knoxville, TN address. ECF No. 18-3 at 1; ECF No. 18-12 at 3; ECF No. 18-16 at 4. Just as the Court in *F & R Grp. Investments* noted, "[b]ecause Defendants do not dispute that Choice used the proper address, and Choice did not have any knowledge or reason to believe that their notices were not being delivered to Defendants, sending notices according to the terms of the Agreement was reasonably calculated to apprise Defendants of the pending arbitration proceedings." *Choice Hotels Int'l, Inc. v. F & R Grp. Investments, LLC*, No. CIV.A. RWT-13-2188, 2014 WL 3405030, at *3 (D. Md. July 9, 2014); *see also Choice Hotels Int'l, Inc. v. Patel*, No. CIV.A. DKC 2003-2318, 2004 WL 57658, at *4 (D. Md. Jan. 13, 2004) (finding adequate notice where defendants' address was successfully used in the past, signed receipt confirmation was received, and none of mailings were returned undeliverable). Accordingly, Defendants received adequate notice of the pending arbitration, and there is no basis for vacating the award.[3]

### D.  Defendants' Additional Claims

In Defendants' "Answer in Opposition," ECF No. 12, filed with their Motion to Dismiss, ECF No. 11, they attempt to raise a counterclaim for "abuse of process, tortious conduct, bad faith and deceptive acts under the Indiana Franchise Act," as well as a cross-claim against Shree Sai Properties and third-party claim against Kailash Varkal, for breaches of the Franchise Agreement. However, pursuant to the parties' Franchise Agreement, all claims arising from the Franchise Agreement were to be raised at the arbitration hearing. ECF No. 11-2 at 19.

---

[3] Defendants make an additional argument, without support or clarification, that "[t]his Court lacks subject matter jurisdiction as there is no amount in controversy." ECF No. 12 at 3. However, other Courts in this jurisdiction have considered the amount of the arbitration award or the underlying amount sought as the "amount in controversy" for diversity jurisdiction purposes. *Choice Hotels Int'l, Inc. v. Patel*, No. CIV.A. DKC 2003-2318, 2004 WL 57658, at *4 (D. Md. Jan. 13, 2004); *see also Choice Hotels Int'l, Inc. v. Felizardo*, 278 F. Supp. 2d 590, 593–94 (D. Md. 2003) (finding diversity jurisdiction existed where arbitration award combined with amount sought exceeded $75,000). The arbitration amount here is $202,064.00, well above the $75,000 threshold. *See id.* Thus, Defendants' argument regarding subject matter jurisdiction is rejected.

Defendants' claims are, in essence, a repackaging of their attempt to vacate or modify the arbitration award, which the Court has already denied. Defendants, by the very Agreement they attach to their Motion to Dismiss, were obliged to raise such claims through the arbitration proceedings. Choice properly notified Defendants of the on-going proceedings and afforded them ample opportunity to participate. Thus, Defendants fail to state a claim here upon which relief can be granted.

Moreover, Defendants' claims are procedurally improper in the context of an application to confirm an arbitration award. The policy behind the Federal Arbitration Act is "to expedite judicial treatment of matters pertaining to arbitration." *Liberty Mut. Grp., Inc. v. Wright*, No. CIV.A. DKC 12-0282, 2012 WL 718857, at *7 (D. Md. Mar. 5, 2012) (citing *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.,* 857 F.2d 742, 745 (11th Cir. 1988)). 9 U.S.C. § 6 "instructs parties petitioning for relief under the FAA to do so 'in the manner provided by law for the making and hearing of motions.'" *Id.* (citing 9 U.S.C. § 6). Therefore, applications filed under § 6 are "motions in an ongoing proceeding rather than a complaint initiating a plenary action." *Id.* (citing *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 108 (2d. Cir. 2006)). Defendants' counterclaims and cross-claims are thus improper and must be dismissed. *See Booth v. Hume Publ'g, Inc.,* 902 F.2d 925, 930–32 (11th Cir. 1990) (disallowing counterclaims because the FAA had provided its own procedural rules and "to blindly follow the Federal Rules of Civil Procedure . . . would frustrate the purpose, or destroy the summary nature, of a special, statutorily created cause of action").

III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 11, is denied, and Plaintiff's Motion to Enforce Arbitration Clause, ECF No. 22, is granted. A separate Order shall issue.

Date: March 13, 2017

George J. Hazel
United States District Judge